Louis L. Friedman, J.
Plaintiff moves to examine the City of New York before trial upon two items set forth in the notice of motion. Upon the argument, the Assistant Corporation Counsel objected to a portion of item 1 but raised no objection to item 2. Accordingly, the motion is granted as to both items of the examination, except that item 1 will be modified by deleting therefrom the words “ the status of said plaintiff’s intestate as a recipient of welfare benefits from the Department of Welfare,” and by substituting therefor the words ‘ ‘ all relevant facts and circumstances relative to all medical attention given to plaintiff’s intestate by or through the Department of Welfare of the City of New York.”
This motion affords the court an opportunity to make some comments about the practice which of necessity must take place when it is sought to examine the City of New York before trial. Such examinations take place pursuant to the provisions of sections 288 and 289 of the Civil Practice Act and accordingly, the procedure with respect to taking the examination, is set forth in rule 121-a of the Buies of Civil Practice. This rule provides in effect that an examination before trial of a party to a litigation may be taken by serving a notice for such examination and sets out the manner of serving such notice. Section 290 et seq. of the Civil Practice Act specifies the contents of the notice and section 291 sets forth the manner in which such a notice may be attacked. Section 299 of the Civil Practice Act provides that ‘ ‘ Where a party has appeared in an action an order for or notice of examination may be served upon his attorney, and for a wilful failure to appear for the examination or to produce the books and papers required by the order or notice the pleading of the party maybe struck out upon application to the court on notice.” (Emphasis supplied.)
The City of New York has consistently refused to comply with a notice to take its deposition even though the choice of the person who is to appear and testify is left in the first instance to the city. Its ground for so refusing to appear pursuant to notice has been that an examination of the city as a public corporation is not held pursuant to sections 288 or 289 of the Civil *772 Practice Act, but is held pursuant to section 292-a of said act which provides that the testimony of a public corporation which is a party to an action, may be taken before trial. This section provides that the court in its discretion following the making of a motion upon notice, order that the testimony of the public corporation shall be taken before trial.
Upon the argument of the motion, the city took the position that rule 121-a specifically limits to sections 288 and 289 of the Civil Practice Act the cases in which a notice may be served and since the taking of the city’s deposition is pursuant to section 292-a of the Civil Practice Act, the city need not respond to a notice. However, the recent amendment to rule 121-a, in effect March 1,1958, changed the provisions of the rule so that article 29 (and other matter not related to the present motion) is substituted in place of sections 288 and 289. Article 29 includes section 292-a of the Civil Practice Act and were it not for the express language of section 292-a, the court would rule that the city’s deposition may be taken by notice. However, as heretofore pointed out, the express language of section 292-a indicates that the city may only be examined pursuant to an order following a motion and in the present state of the law, the city’s contention seems to be well taken.
This lengthy memorandum has been written so that the necessity for making motions to examine the city may be specifically pointed out and so that the Legislature may, if it sees fit to do so, change the necessity for making motions, particularly in negligence actions. The present rules of the Appellate Division set forth in simple form the items upon which an examination before trial in negligence actions is generally allowed and held. An attorney who wishes to examine the City of New York before trial on this authorized item in a negligence action, should not have to be burdened with drawing motion papers, and attending in court, and the court should not have to be burdened with the necessity of passing upon motions of this kind, where the ultimate determination will in any event be that the examination will be authorized. Following such motion, the necessity for drawing an order and the service thereof upon the city again increases the work of the already overburdened negligence attorney.
There seems to be no reason other than the language of section 292-a, why this procedure must be followed and the court is hopeful that by the publication of this memorandum, some steps will be taken to remedy the necessity for all of this unnecessary red tape and procedure where examinations of the City of New York in negligence cases are concerned.
Submit order.